UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| IN RE: | | |
| ANTOINE RAMONE FOY, | * | Case No.: 20-12601-MMH |
|     Debtor. | | |
| | * | Chapter 13 |
| STATE OF MARYLAND | * | |
| CENTRAL COLLECTION UNIT, | | |
|     Plaintiff, | * | |
| v. | * | Adv. Pro. No.: |
| ANTOINE RAMONE FOY, | * | |
|     Defendant. | | |
|          *    *    *    *    * | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, the State of Maryland Central Collection Unit, by its attorneys, Brian E. Frosh, Attorney General of Maryland; Susan C. Scanlon, Assistant Attorney General; and Amanda J. Brady, Staff Attorney brings this Complaint to Determine Dischargeability of Debt, and in support thereof states:

1. The State of Maryland Central Collection Unit ("CCU"), Plaintiff, is a governmental unit of the State of Maryland within the Department of Budget and Management and is the assignee of the delinquent accounts of the Maryland Department of Labor[1] ("MDL"). MD. CODE ANN., STATE FIN. & PROC. § 3-301 *et seq.*  *See also*, Letter of Assignment, Exhibit 1.

2. On February 28, 2020, Antoine Ramone Foy, Defendant, filed for relief under Chapter 13 of the United States Bankruptcy Code.

3. This court has jurisdiction over the matter in accordance with 28 U.S.C. §§ 157 and

---

[1] The Maryland Department of Labor, Licensing and Regulation changed its name to the Maryland Department of Labor.

1334 and Local District Court Rule 402.

4. This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

6. Under the Maryland Unemployment Insurance Law, most individuals are generally entitled to unemployment benefits if they are unemployed (MD. CODE ANN., LAB. & EMPL. § 8-801), register, apply for, and are able and available to work (MD. CODE ANN., LAB. & EMPL. §§ 8-902, 8-1005, 8-903), were not terminated from the prior employment voluntarily, and without substantial cause or through some misconduct (MD. CODE ANN., LAB. & EMPL. §§ 8-1001, 8-1002, 8-1002.1, 8-1003), and are not receiving unemployment benefits from another source or most regular retirement benefits (MD. CODE ANN., LAB. & EMPL. §§ 8-1006, 8-1008).

7. If the Secretary of MDL determines subsequent to the claim filing that a claimant was not entitled to all or a portion of the benefits received, MDL may recover the overpaid benefits. *See* MD CODE ANN., LAB. & EMPL. §8-809. If the Secretary of MDL determines that the claimant knowingly made a false statement or misrepresentation, or knowingly failed to disclose a material fact to obtain or increase a benefit, MDL may recover benefits paid to the claimant for each week the false statements or misrepresentations were made, plus interest of 1.5% per month on that amount, as well as a monetary penalty. *See* MD. CODE ANN., LAB. & EMPL. § 8-809(b).

8. In addition to other available remedies under the Maryland Unemployment Insurance Law, MDL may assign a debt it is owed to Plaintiff for collection. *See* Exhibit 1. The referral of the debt to CCU gives rise to the assessment of the statutory collection fee. *See* MD. CODE ANN., STATE FIN. & PROC. § 3-304 and MD. CODE REGS. tit. 17 §.01.01.07.

9. Beginning in 2014, Defendant filed claims with MDL for unemployment compensation benefits at which time MDL informed Defendant of the requirements to remain

eligible to receive unemployment benefits. Upon processing the claims, MDL sent a pamphlet to Defendant that further explained the requirements that must be met in order to remain eligible for the receipt of benefits. *See* MDL pamphlet, Exhibit 2.

10. While receiving the unemployment benefits, Defendant made express representations to MDL that Defendant remained unemployed or underemployed and was eligible and entitled to receive the unemployment benefit payments for each week MDL paid the benefits. Defendant knew those representations were false when Defendant made them and made those representations with the intent of deceiving MDL.

11. Between the time period of weeks ending August 30, 2014 through and including October 4, 2014; and July 22, 2017 through and including August 5, 2017 (hereinafter, the "Period of Fraud Overpayment"), based on Defendant's claims, MDL paid Defendant unemployment compensation benefits in the total principal overpayment amount of $3,870.00 under the Maryland Unemployment Insurance Law administered by MDL. *See* Maryland Automated Benefits Benefit Payment History, Exhibit 3. Defendant knowingly advised MDL during the Period of Fraud Overpayment that Defendant remained unemployed and thus eligible for unemployment benefits.

12. MDL reasonably relied on Defendant's assurances that Defendant was and remained unemployed and MDL paid Defendant unemployment benefits during the Period of Fraud Overpayment. *See* Exhibit 2.

13. Despite Defendant's knowing declarations of compliance with the Maryland Unemployment Insurance Law, the Secretary of MDL subsequently determined that during the Period of Fraud Overpayment, Defendant (1) earned wages during the period of overpayment,[2] yet continued to knowingly claim and receive unemployment benefits during the Period of Fraud

---

[2] Employers ICivil Inc and CPF Dualam USA. reported wages Defendant earned during the Period of Fraud Overpayment.

Overpayment to which Defendant was not entitled pursuant to MD. CODE ANN., LAB. & EMPL. § 8-1001; (2) intentionally failed to notify MDL of these facts; and (3) was ineligible for benefits under the Maryland Unemployment Insurance Law during that period of time. The total principal fraud overpayment amount received by Defendant to which it was determined that Defendant was ineligible to have received amounts to $3,870.00. *See* Maryland Automated Benefits Benefit Payment History, Exhibit 3 and Maryland Automated Benefits Overpayment Inquiry, Exhibit 4.

14. After the Secretary of MDL made the determination that Defendant was not entitled to the unemployment benefits and that the benefits were paid as a result of Defendant's fraudulent conduct, Defendant was advised of Defendant's right to participate in fact finding investigations. Determinations of fraud were made by MDL and Defendant was given notice of the determination and of Defendant's appeal rights. *See* Agency Fact Finding Report, Exhibit 5; and Maryland Automated Benefits Nonmonetary Determination Inquiry, Exhibit 6.

15. Defendant did not appeal that decision and all appeal rights have now expired. See Maryland Automated Benefits Nonmonetary Determination History, Exhibit 7.

16. On June 13, 2016, MDL referred Defendant's obligations to Plaintiff for collection. Upon referral, Plaintiff's statutory 17% collection fee was assessed, and as of February 28, 2020, Defendant owed a total of $4,719.87. *See* Itemization, Exhibit 8.

17. Defendant received the money from MDL by false pretenses, false representations, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A), and the debt is therefore not dischargeable.

18. Pursuant to Local Bankruptcy Rule 7012-1(b), Plaintiff consents to the entry of final orders and/or judgments by the Bankruptcy Judge.

WHEREFORE, Plaintiff, the State of Maryland Central Collection Unit, requests that this Honorable Court:

1. Determine that the money owed to MDL including statutory interest, collection fee, and the cost of this action, is not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A);

2. Enter judgment in favor of CCU and against Defendant in the amount of Four Thousand, Seven Hundred Nineteen Dollars and Eighty-Seven Cents ($4,719.87); plus the cost of this actions, Three Hundred Fifty Dollars ($350.00); plus post-judgment interest at the federal rate;

3. And for such other and further relief as this court deems necessary and appropriate.

Respectfully submitted,

BRIAN E. FROSH
ATTORNEY GENERAL OF MARYLAND

Dated:  June 9, 2020

*/s/ Susan C. Scanlon*
Susan C. Scanlon #28832
Assistant Attorney General
Amanda J. Brady #21031
Staff Attorney
Office of the Attorney General
Department of Budget & Management
300 W. Preston St., Rm 407
Baltimore, MD 21201
410-767-1234 (tel) 410-333-5887 (fax)
Susan.Scanlon@Maryland.gov
Amanda.Brady@Maryland.gov
Attorneys for Plaintiff